UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Terry Nelson and Clark Anderson as Trustees of the Painters and Allied Trades District Council No. 82 Health Care Fund, Timothy Maitland as a fiduciary of the International Painters and Allied Trades Industry Pension Fund, Terry Nelson and Mark Rislund as Trustees of the Painters and Allied Trades District Council 82 STAR Fund, the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund and the Painters and Allied Trades District Council 82 STAR Fund,

      Plaintiffs,

vs.

Advanced Signs, Inc. d/b/a Lakehead Sign Company,

      Defendant

_____

Civil File No.: _____

**COMPLAINT**

Plaintiffs, for their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund and Allied Trades District Council 82 STAR Fund ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974

("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4. Defendant Advanced Signs, Inc. d/b/a Lakehead Sign Company ("Advanced Signs") is a Minnesota business corporation with a registered address of 1600 29th Street, Cloquet, Minnesota 55720.  Advanced Signs is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action by the Funds' Trustees and/or fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## **FACTS**

7. The Funds re-allege and incorporate by reference paragraphs 1-6 herein.

8. On July 15, 2015, Advanced Signs became bound to a collective bargaining agreement negotiated between Advanced Signs and the Painters and Allied Trades Local Union #106/District Council 82 with terms of May 1, 2015 through April 30, 2018 ("CBA).

9. The CBA requires Advanced Signs to submit contributions to the Funds on a monthly basis on behalf of its employees working in classifications covered by the CBA.

10. The CBA provides that Advanced Signs is bound to the Declaration of Trust for the Painters and Allied Trades District Council No. 82 Health Care Fund ("Health Fund") and the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and all amendments thereto as though it had actually signed the same.

11. The CBA and the Trust Agreements for the Health Fund and Pension Fund provide that the Trustees of the Funds may at any time conduct an audit in accordance with provisions set forth in the Trust Agreements.

12. The CBA provides that in the event a dispute arises as to whether Advanced Signs made the payments required by these CBA and Trust Agreements, the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation payment records, 1099s and 941s and any other records deemed necessary of Advanced Signs to determine the are in compliance with the terms and conditions of the CBA.

13. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Advanced Signs to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

14. If Advanced Signs fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Advanced Signs is liable for all of the hours worked by that individual for whom Advanced Signs is unable

to produce satisfactory records verifying the type of work being performed by that individual.

15. The CBA and Trust Agreements require Advanced Signs to pay interest on any untimely submitted contributions.

16. The CBA and Trust Agreements require Advanced Signs to pay liquidated damages on any untimely summitted contributions.

17. The CBA and Trust Agreements require Advanced Signs to pay all reasonable attorneys' fees and costs incurred by the Trustees in collecting unpaid contributions.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

18. The Funds re-allege and incorporate by reference paragraphs 1-17 herein.

19. The Funds' authorized agent requested that Advanced Signs produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of August 1, 2016 through October 31, 2017.

20. Advanced Signs produced their payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Advanced Signs' employees covered by the CBA for which Advanced Signs did not submit the required contributions to the Funds.

21. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $18,478.61 is due and owing for unpaid contributions.

22. Advanced Signs breached the terms of the CBA and Trust Agreements by failing to pay the amount due for contributions for the Audit Period.

23. Advanced Signs is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Advanced Signs is unable to produce satisfactory records verifying the type of work performed by any such individuals.

24. Pursuant to the CBA and Trust Agreements, Advanced Signs is liable to the Funds for all reasonable attorneys' fees and costs incurred in this litigation.

25. Advanced Signs is liable to the Funds for liquidated damages on the unpaid contributions pursuant to the CBA and Trust Agreements.

26. Advanced Signs is liable to the Funds for interest charges on the unpaid contributions pursuant to the CBAs and Trust Agreements.

## COUNT III
## ERISA DAMAGES

27. The Funds re-allege and incorporate by reference paragraphs 1-26 herein.

28. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

29. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

30. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment, joint and several, of this Court against Defendant Advanced Signs, Inc. d/b/a Lakehead Sign Company as follows:

1. For judgment in the amount of $18,478.51 for unpaid contributions for the Audit Period.

2. For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3. For an award of costs, disbursements and attorneys' fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Date: January 31, 2018     MCGRANN SHEA CARNIVAL
                           STRAUGHN & LAMB, CHARTERED


                           By:   s/ Amy L. Court
                                 Carl S. Wosmek (Atty. No. 300731)
                                 Amy L. Court (Atty. No. 319004)
                                 Christy E. Lawrie (Atty. No. 388832)
                           800 Nicollet Mall, Suite 2600
                           Minneapolis, MN 55402
                           Telephone: (612) 338-2525
                           csw@mcgrannshea.com
                           alc@mcgrannshea.com
                           cel@mcgrannshea.com

                           *Attorney for Plaintiffs*

1072854.DOCX